UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAWARIMEDIA LLC, *et al.*,

    Plaintiffs,

v.

GRETCHEN WHITMER, *et al.*,

    Defendants.

Case No. 20-cv-11246
Hon. Matthew F. Leitman

_____/

**ORDER CONCERNING DEFENDANTS' LACK OF
A SUBMISSION OF A PROPOSED REMEDY**

Plaintiff SawariMedia LLC is an organization that seeks to place an initiative on Michigan's 2020 general election ballot. On June 11, 2020, this Court enjoined Defendants Gretchen Whitmer (Michigan's Governor), Jocelyn Benson (Michigan's Secretary of State), and Jonathan Brater (Michigan's Director of Elections) from keeping SawariMedia's proposed initiative off the ballot based on SawariMedia's inability to collect the required 340,047 signatures by the May 27, 2020, filing deadline.[1] (*See* Op. and Order, ECF No. 17.) The Court then provided Defendants the opportunity to propose a remedy that would "render the application of the signature requirement and filing deadline constitutional under the circumstances."

---

[1] A full recitation of the factual background and procedural history of this action can be found in the Court's June 11, 2020, Opinion and Order.

(*Id.*, PageID.256.; internal brackets omitted). Defendants proposed two remedies. (*See* Notices, ECF Nos. 18 and 23.) The Court held on-the-record video conferences after Defendants filed each proposal, and the Court rejected the remedies as insufficient to cure the constitutional violation identified by the Court. (*See* Orders, ECF Nos. 22 and 25.)

Defendants then appealed to the United States Court of Appeals for the Sixth Circuit. (*See* Notice of Appeal, ECF No. 26.) They also sought an emergency stay of the Court's preliminary injunction. Defendants raised two issues in their emergency motion. First, Defendants asserted that the Court erred when it granted Plaintiffs a preliminary injunction on the basis that the burden on Plaintiffs' access to the ballot was severe under the *Anderson-Burdick* framework.[2] Second, Defendants argued that the Court erred when it rejected their proposed remedies.

The Sixth Circuit "disagree[d] on both fronts" and declined to issue a stay in a published opinion dated July 2, 2020. *See SawariMedia LLC v. Whitmer*, --- F.3d ---, 2020 WL 3603684, at *2 (6th Cir. July 2, 2020). That court held that Defendants could not "show a likelihood of success on appeal" with respect to their severe-burden argument because that argument was "expressly rejected" in *Esshaki v. Whitmer*, --- Fed. App'x ---, 2020 WL 2185553 (6th Cir. May 5, 2020) and

---

[2] *See Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992).

"implicitly rejected" in *Thompson v. DeWine*, 959 F.3d 804 (6th Cir. 2020). *Id.* The court then held that Defendants had also "failed to show a likelihood that the district court abused its discretion by rejecting their proposed remedy." *Id.* Finally, after denying Defendants' motion for a stay, the Sixth Circuit directed that this Court:

> address any further remedy proposed by Defendants by no later than July 15, 2020. If Defendants fail to propose a remedy that resolves the constitutional infirmity by that date, they will be precluded from enforcing the petition deadline against Plaintiffs, pending further review of any proposed remedy by this Court.

*Id.* at *3.

The same day that the Sixth Circuit entered its order denying a stay, this Court entered an order setting a schedule for consideration of any new proposed remedy that Defendants wished to file. (*See* Order, ECF No. 34.) That order required Defendants to file any new proposed remedy by July 7, 2020. (*See id.*) In full, that order provided as follows:

> In light of the order that the United States Court of Appeals for the Sixth Circuit issued on July 2, 2020, in this matter, the Court directs Defendants, if they wish to propose any further remedy that resolves the constitutional infirmity identified by this Court, to file such a proposed remedy by no later than 5:00 p.m. on July 7, 2020. Plaintiffs shall respond to the proposed remedy, if one is filed, by no later than 12:00 p.m. on July 9, 2020. The Court will hold a hearing on the proposed remedy, if one is filed, at 9:00 a.m. on July 13, 2020, via Zoom.
>
> The Court recognizes that this time frame is compressed, but the briefing and hearing schedule described above is

3

> necessary in order to adhere to the Sixth Circuit's direction that this Court address any further remedy proposed by Defendants by no later than July 15, 2020.

(*Id.*, PageID.415.)  The Court believed that this schedule was essential to ensure a full and fair consideration of any new proposed remedy before the July 15, 2020, deadline set by the Sixth Circuit.  The schedule accounted for the time required for (1) Plaintiffs to consider the proposed remedy and research, draft, and file a response with the Court, (2) a hearing to be held, and (3) the Court to consider the parties' arguments, conduct its own independent research if necessary, and draft an order ruling on the proposed remedy.  Defendants did not object to the schedule that the Court proposed.

Defendants did not file a new proposed remedy by the July 7, 2020, deadline set in the Court's order.  Instead, on July 7, they filed a notice with the Court that they intended to file a motion for an emergency stay in the United States Supreme Court. (*See* Notice, ECF No. 36, PageID.420.)  Defendants told the Court that "until they receive a determination on that application, the State Defendants do not have any additional proposals for a remedy since any proposal at this point would require contravening the constitutional requirements they are still defending." (*Id.*)

The Court then held an on-the-record video status conference on July 8, 2020. (*See* Notice, ECF No. 37.)  During that conference, the Court urged the Defendants to reconsider their refusal to propose a new remedy, and it encouraged Defendants

to proceed on two tracks: (1) pursue an emergency stay in the United States Supreme Court while also (2) proposing a new remedy in this Court.  The Court emphasized that it was essential that Defendants file a new proposed remedy as quickly as possible.  Prompt presentation of the new remedy was important in order to provide Plaintiffs a full opportunity to consider and respond to that proposal and for the Court to review the parties' submissions, hold a hearing, and draft an order ruling on the proposal by the July 15, 2020, deadline set by the Sixth Circuit.  The Court also told Defendants that if they filed a proposed remedy too close to the July 15 deadline, that would not leave Plaintiffs and the Court enough time to fully consider the proposal, and the Court may deny the proposed remedy as untimely.  Defendants did not propose a remedy during that conference.

On July 10, 2020, Defendants filed their application for a stay in the United States Supreme Court.  *See* Supreme Ct. Dkt., https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20a1.html.   The Supreme Court ordered Plaintiffs to respond to the application for a stay by July 15, 2020, and Plaintiffs did so. *See id.*  Defendants' application remains pending as of this filing.

On July 13, 2020, the Court held another on-the-record video status conference. (*See* Notice, ECF No. 38.)  During that conference, the Court again urged Defendants to file a proposed remedy as soon as possible given the press of time before the July 15, 2020, deadline.  And the Court again told Defendants that

5

the longer they waited to file a proposed remedy, the greater the risk that the Court would conclude that there would not be enough time for Plaintiffs to consider and respond to the proposed remedy and for the Court to rule on the proposal before July 15. Defendants did not propose a new remedy during that conference.

After the Court concluded its status conference, the Sixth Circuit extended the deadline for the Court to rule on a new proposed remedy until July 17, 2020. (*See* Order, ECF No. 40.)

Today is the deadline that the Sixth Circuit imposed for the Court to rule on a new proposed remedy. Defendants still have not proposed such a remedy. And if Defendants file a new proposed remedy today, that would be too late. The Court has a full docket of other matters and hearings scheduled for today that will prevent it from fully and fairly considering any remedy proposed today. Moreover, proposing a remedy today would not give Plaintiffs sufficient time to review the remedy and file a response with the Court before the expiration of the Sixth Circuit's deadline.

Accordingly, for all of these reasons, the Court concludes that Defendants have "fail[ed] to propose a remedy that resolves the constitutional infirmity" identified by the Court in its preliminary injunction Opinion and Order. *SawariMedia*, --- F.3d ---, 2020 WL 3603684, at *3. Thus, as the Sixth Circuit directed, Defendants are "precluded from enforcing the petition deadline against

Plaintiffs" unless and until the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court orders otherwise. *Id.*

  **IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2020

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764