**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

SAWARIMEDIA LLC,
DEBORAH PARKER, JUDY
KELLOGG and PAUL ELY,

    Plaintiffs,

v.

GRETCHEN WHITMER, Governor of
Michigan, JOCELYN BENSON,
Secretary of State of Michigan and
JONATHAN BRATER, Director of the
Michigan Bureau of Elections, in their
official capacities,

    Defendants.

Case No. 4:20-CV-11246
Hon. Matthew F. Leitman
Mag. J. Michael J. Hluchaniuk

---

## NOTICE OF SECOND DECLARATION OF AMANI SAWARI

---

    Amani Sawari submits the attached declaration amending certain of her prior statements. Further undersigned counsel sayeth not.

        Respectfully Submitted,

July 23, 2020        By: /s/ Saura J. Sahu
        Saura J. Sahu (P69627)

## **PROOF OF SERVICE**

I hereby certify that on July 23, 2020, I caused the aforementioned and attached document to be electronically filed through the Court's electronic CM/ECF filing system, which will serve a copy and notice of filing on every attorney of record for Defendants. I also caused to be served via email the following parties:

    Judy Kellogg, *In Pro Per*, judy kellogg95@gmail.com
    Deborah Parker, *In Pro Per*, alinosi@yahoo.com
    Paul Ely, *In Pro Per*, tlc.rgeenyard@yahoo.com

I declare under the penalty of perjury that the above statements are true to the best of my knowledge, information, and belief.

                                      Respectfully Submitted,

July 23, 2020                      By: /s/ Saura J. Sahu
                                        Saura J. Sahu (P69627)
                                        CLANCY ADVISORS, PLC
                                        Attorneys for Plaintiff SawariMedia LLC
                                        Saura J. Sahu (P69627)
                                        230 Nickels Arcade
                                        Ann Arbor, MI 48104
                                        (734) 780-7595
                                        sahu@clancyadvisors.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAWARIMEDIA LLC,
DEBORAH PARKER, JUDY
KELLOGG and PAUL ELY,

      Plaintiffs,

v.

GRETCHEN WHITMER, Governor of
Michigan, JOCELYN BENSON,
Secretary of State of Michigan and
JONATHAN BRATER, Director of the
Michigan Bureau of Elections, in their
official capacities,

      Defendants.

Case No. 4:20-CV-11246
Hon. Matthew F. Leitman
Mag. J. Michael J. Hluchaniuk

## SECOND DECLARATION OF AMANI SAWARI
## AMENDING PARAGRAPHS ## 4, 7, 16, 17, 22 and 23 OF HER
## DECLARATION DATED MAY 4, 2020

Pursuant to 28 U.S.C. § 1746, I, Amani Sawari, hereby declare as follows:

1.  I am the owner and manager of Plaintiff SawariMedia LLC, a Michigan limited liability company .

2.  I am fully competent to make this declaration and I have personal knowledge of the facts stated in this declaration.

3. Following the Court's request on July 8, 2020 to provide specific information about the campaign's progress since May 27, 2020, I held numerous discussions with my campaign team. As a result of those discussions, I have determined that I cannot rely upon prior estimates of the number of signatures that support this petition. Our decentralized approach to campaigning relies upon different team members to take independent responsibility for coordinating the signature-gathering efforts and accounting for those signatures. Before filing this lawsuit, we did not have a centralized repository for signature petitions or a centralized database of petition supporters.

4. When our campaign team first heard in mid-April 2020 about certain relief granted to candidates in the case of *Esshaki v. Whitmer*, we had not budgeted any money to hire counsel. We wanted, and still want, to devote as many of our resources as possible to the campaign rather than to legal fees. Another supporter of our team and the issue of sentencing reform volunteered to write the complaint materials, and we decided to file the case *pro se*. We urgently believed that we needed to file the lawsuit as soon as possible because the State's May 27, 2020 filing deadline was fast approaching, and the courts would need time to hear the matter.

5. Over the next couple weeks, the supporter-drafter worked on the complaint materials. I was aware that, in general throughout the campaign, he was

in close contact with two other team members upon whom I regularly depended to be knowledgeable about the campaign and its progress.

      6.      On or about May 4, 2020, our campaign raised money for the filing fee. On May 4, 2020, I first saw the complaint materials, when I met another team member at the shipping location to sign and send out the filing and service copies to the court and the State. Within approximately one hour, the other team member and I skimmed the complaint, my declaration and the other materials; prepared numerous copies of service packets; packaged and addressed those materials; and sent them out. As reflected by my failure to sign the declaration, I had not carefully reviewed that declaration, but I did believe it to be true based on the information available to me at the time and on my reliance on my team.

      7.      In the few weeks that followed before a motion hearing in this case, no new facts or reasons arose to question my May 4 declaration. Before the motion hearing, I did not carefully review or critique that declaration. During the motion hearing, I still believed the information in the declaration to be true when the court asked about the declaration and I affirmed the same to be true.

      8.      Although our campaign is still gathering and documenting the hard data in support of the initiative, and although I do not yet know the correct number of signatures, I believe the number is substantially less than the amount originally estimated.

9. As a result, and in relation to my unsigned Declaration dated May 4, 2020: (a) I withdraw the reference in Paragraph 7 to any number of valid signatures; and (b) I withdraw my statements in Paragraphs 22 and 23, which discuss "hundreds of thousands" of supporters. I also correct the Declaration insofar as (c) Paragraph 4 should reflect that other team members purchased the website, held town hall meetings and conducted training sessions across the state; and (d) Paragraphs 16 and 17 should reflect that I personally received the information and communications referenced there.

I declare under penalty of perjury that the foregoing is true and correct. Further, declarant sayeth not. Signed this 22nd day of July, 2020.

Respectfully Submitted,

*[signature]*

Amani Sawari
SAWARIMEDIA, LLC